Martin F. Casey  (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York  10017
(212) 286-0225
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
L&M FOOD GROUP,

        Plaintiff,

  - against -

M/V MAERSK PECEM, her engines, boilers, etc;
and A.P. MOLLER – MAERSK A/S

        Defendants.
-----------------------------------------------------------X

07 Civ.

**COMPLAINT**



    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. § 1333.

    2.    Plaintiff, L&M Food Group, is a foreign corporation or other business entity, with an office and place of business located at 454-456 Larkshall Road, London, E4 9HH England, and was the cargo consignee and owner of a consignment of 720 cases frozen pork laden aboard the M/V MAERSK PECEM, as more fully described below.

3. Defendant, A.P. Moller-Maersk A/S (hereinafter "Maersk") is a foreign corporation with an office and place of business located at Giralda Farms, Madison Avenue, Madison, New Jersey 07940, and at all relevant times was and is doing business in this jurisdiction directly and/or through an agent and was at all times acting in the capacity of a common carrier and was the owner, charterer, manager, and/or operator of the M/V MAERSK PECEM.

4. At all material times, the M/V MAERSK PECEM was and is a diesel-powered, oceangoing vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

6. On or about October 9, 2006 a consignment consisting of 720 cartons Frozen Pork, laden in ocean container number MWCU 680152-7, then being in good order and condition, was delivered to defendant Maersk at the port of New York for transportation to Felixstowe, England, in consideration for an agreed freight pursuant to Maersk bill of lading number MAEU 510155249 dated October 9, 2006. Temperature instructions set forth in the bill of lading required Maersk to maintain a temperature within the container of -10 degrees F.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V Maersk Pecem and the vessel sailed for its intended destination.

8. When the vessel arrived in Felixstowe and the subject container discharged from the vessel, it was ascertained that Maersk had failed to maintain proper temperatures within the containers as per the instructions provided in the bill of lading.

9. The Official Veterinary Surgeon for Suffolk Coastal Port Health Authority conducted an inspection of the product prior to its departure from the Felixstowe port area, found that the product was not frozen, and ordered that the cargo be promptly destroyed.

10. Thereafter, on or about November 28, 2006 the entire cargo was destroyed by incineration.

11. The damage to the aforementioned consignment did not result from any act or omission on the part of plaintiff or shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of the defendant Maersk and/or the unseaworthiness of the M/V Maersk Pecem.

12. By reason of the foregoing, plaintiff has been damaged in the amount of at least $76,000 no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff and against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action, and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      July 24, 2007
      176-19

                            CASEY & BARNETT, LLC
                            Attorneys for Plaintiff

              By: _____
                            Martin F Casey (MFC-1415)
                            317 Madison Avenue, 21st Floor
                            New York, New York 10017
                            (212) 286-0225